J-A09029-20

2020 PA Super 128

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                                    :            PENNSYLVANIA

                     Appellee          :

                                                    :

                  v.               :

                                                    :

WAYNE RICHARD GLENN,          :

                                                  :

                    Appellant       :        No. 1595 WDA 2019

Appeal from the Judgment of Sentence Entered October 4, 2019
in the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000158-2019

BEFORE:  SHOGAN, J., MURRAY, J. and STRASSBURGER, J.*

CONCURRING OPINION BY STRASSBURGER, J.:        **FILED MAY 29, 2020**

Were this Court to reach the various canons of statutory construction, I would agree with the Majority's analysis.  However, I would not reach those canons because I find that the statutory language is not ambiguous. *See A.S. v. Pennsylvania State Police*, 143 A.3d 896, 903 (Pa. 2016) ("It is only when statutory text is determined to be ambiguous that we may go beyond the text and look to other considerations to discern legislative intent.").

Briefly, subsection 3802(d) provides as follows.

> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
>     (1)    There is in the individual's blood any amount of a:
>
>         (i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64),[1] known as The Controlled Substance, Drug, Device and Cosmetic Act;

---

* Retired Senior Judge assigned to the Superior Court.

(ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or

(iii) metabolite of a substance **under subparagraph (i) or (ii).**

75 Pa.C.S. § 3802(d) (emphasis added).

Unlike subparagraphs (i) and (ii), subparagraph (iii) does not reference Schedule I, II, or III **substances** when proscribing the existence of metabolites in an individual's blood. Rather, subparagraph (iii) specifically references **subparagraphs** (i) and (ii), the latter of which includes an exception for medically prescribed Schedule II and III substances. Therefore, the plain language of the statute provides for the exception set forth in subparagraph (ii) to carry through to subparagraph (iii), thereby excepting metabolites of medically prescribed Schedule II and III substances.

Thus, I agree with the Majority that Appellant's conviction for DUI-metabolite was unlawful because the metabolite existed in his blood only as a result of a medically prescribed Schedule II substance, which I conclude is not illegal pursuant to the plain language of 75 Pa.C.S. § 3802(d).